UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyeasha S. Wigfall,<br><br>Plaintiff,<br><br>v.<br><br>CVS Health Caremark, Aetna, Gabrella Magallon, Juan Perez,<br><br>Defendants. | C/A No. 2:26-cv-02469-BHH-WSB<br><br><br>**REPORT AND RECOMMENDATION** |

Tyeasha S. Wigfall ("Plaintiff"), a non-prisoner litigant proceeding *pro se*, brings this civil action against the above-named Defendants. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. This action is subject to dismissal for failure to prosecute.[1]

Plaintiff commenced this action on June 23, 2026, by filing a Complaint and a Motion for leave to proceed *in forma pauperis*. ECF Nos. 1; 3. On June 26, 2026, the Court issued a proper

[1] General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), provides, in pertinent part, as follows:

> If the *pro se* litigant does not comply with the order to bring the case into proper form, the Clerk of Court shall forward the case to the assigned Magistrate Judge for a Report and Recommendation that the assigned District Judge or Senior District Judge dismiss the case without prejudice for lack of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

*Id*. at 2. Because Plaintiff is a non-prisoner litigant, proceeding *pro se*, the undersigned enters this Report and Recommendation, recommending dismissal under Rule 41.

form Order, directing Plaintiff to bring the case into proper form in accordance with that Order. ECF No. 6. At the same time, the Court issued an Order Regarding Amendment notifying Plaintiff that Plaintiff's claims were subject to summary dismissal but providing Plaintiff an opportunity to file an amended complaint to correct the identified deficiencies. ECF No. 8.

On July 17, 2026, Plaintiff filed an Amended Complaint, Local Rule 26.01 Answers to Interrogatories, and proposed service documents. ECF Nos. 13; 15; 16; 16-1. However, the proposed service documents were incomplete, and the Court issued a second Order on August 28, 2026, instructing Plaintiff to bring the case into proper form by filing the necessary paperwork in accordance with the instructions contained in that Order. ECF No. 20. The deadline to bring the case into proper form was September 11, 2026, but Plaintiff did not file any response to the Order dated August 28, 2026, and did not bring the case into proper form. That Order was mailed to the address provided by Plaintiff and has not been returned as undeliverable. ECF No. 21.

Accordingly, by Order dated September 17, 2026, the Court again instructed Plaintiff to bring the case into proper form. ECF No. 25. That Order was mailed to the address provided by Plaintiff and has not been returned as undeliverable. ECF No. 26. That Order warned Plaintiff with the following two warnings:

> **If Plaintiff fails to comply with the instructions contained herein, this action will be subject to dismissal under Rule 41(b) for failure to prosecute and/or failure to comply with the Orders of this Court.**
>
> This case is not in proper form for service at this time. **If Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

ECF No. 25 at 1.

The three Proper Form Orders instructed Plaintiff to provide the necessary information and paperwork to bring this case into proper form for further evaluation and possible service of process. ECF Nos. 6; 20; 25. Specifically, under General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), Plaintiff was directed to (1) submit a proposed Summons form for the named Defendants and (2) submit a proposed Forms USM-285 for each named Defendant. ECF Nos. 6 at 1–2; 20 at 1–2; 25 at 2–3. Plaintiff was warned in all three Orders that failure to provide these documents within the timetable set in the Court's Orders may subject the case to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. ECF Nos. 6 at 1; 20 at 1; 25 at 1.

The Orders also advised Plaintiff of the duty to always keep the Court informed as to Plaintiff's current address. ECF Nos. 6 at 3; 20 at 3; 25 at 3–4. The Amended Complaint form filed by Plaintiff also contains the following certification signed by Plaintiff:

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

ECF No. 13 at 7. The Orders were mailed to Plaintiff at the address Plaintiff provided to the Court. ECF Nos. 9; 21; 26. Plaintiff's deadline to bring the case into proper form under the third Proper Form Order was October 1, 2026. However, Plaintiff has not responded to the second or third Orders and the time for response has lapsed. Plaintiff has failed to provide the documents identified in the Court's Orders. Indeed, Plaintiff has made no attempt to communicate with the Court since July 31, 2026, when Plaintiff improperly emailed the Court. ECF No. 18.

"The Court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, C/A No. 4:13-cv-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May

31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (noting Rule 41"recognize[s] that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders"). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors ... are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. ... In view of the warning,

the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

The factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite multiple opportunities, Plaintiff has failed to bring this case into proper form. For example, despite being provided instructions on how to complete a proposed summons and Forms USM 285 to allow the United States Marshals Service to effectuate service on the defendants (if authorized), Plaintiff ignored those instructions and has not submitted properly completed service documents for Defendants. Because Plaintiff is proceeding *pro se*, Plaintiff is personally responsible for this failure. In this Court's Order dated August 28, 2026, the Court clearly stated: "**If Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**" ECF No. 20 at 1 (emphasis in original). Plaintiff was also warned as follows in this Court's Order dated September 17, 2026: "**If Plaintiff fails to comply with the instructions contained herein, this action will be subject to dismissal under Rule 41(b) for failure to prosecute and/or failure to comply with the Orders of this Court.**" ECF No. 25 at 1 (emphasis in original). As such, despite multiple warnings that this case may be dismissed for failing to comply with a court order, Plaintiff has not provided the Court with the required documentation. Accordingly, as Plaintiff has failed to comply with the Court's Orders and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with the Court's Orders.

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the District Court **DISMISS** this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and comply with the Court's Orders. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). The attention of the parties is directed to the important notice on the next page.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

October 8, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).